PEOPLE ex rel. HOELL v. WALDO, Fire Com'r.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

MUNICIPAL CORPORATIONS (§ 159*)—OFFICERS—REMOVAL—TRIAL.

    Where the fact in dispute on a trial for the removal from office of an honorably discharged soldier was within the personal knowledge of the trial officer, who gave testimony which he subsequently struck out, and who admitted irrelevant evidence and excluded relevant testimony, and who examined and excused witnesses in the absence of such employé and his counsel, on the ground that they knew nothing about the case, and the trial officer maintained a hostile attitude during the trial, the order of removal will be annulled on certiorari on the ground of want of a fair trial.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 350–356; Dec. Dig. § 159.*]

Certiorari by the People, on the relation of Charles Hoell, against Rhinelander Waldo, as Fire Commissioner of the City of New York, to review a determination dismissing relator, a first grade fireman, from the fire department of the City of New York. Determination annulled.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

F. S. Marsell, of New York City (A. C. Sherman, of New York City, on the brief), for appellant.

Harry Crone, of New York City, for respondent.

MILLER, J. The relator, an honorably discharged soldier, was tried on two charges, only one of which, however, is involved in this review. That charge was "violation of section 211, Rules and Regulations of 1905"; the specification being that he was guilty of deception, "in that he made a false statement to Rhinelander Waldo, fire commissioner, to the effect that the transcript of testimony taken at his trial on May 3, 1910, was not a true statement." The trial on May 3, 1910, referred to, was on the charge of using disrespectful language to his commanding officer. The trial was conducted by Deputy Commissioner O'Keefe, and the relator was found guilty and fined five days' pay. It appears that a rehearing was granted by the fire commissioner on the relator's application for a reconsideration of the matter, and upon that rehearing the relator denied the correctness of the transcript of the minutes of his testimony given before Deputy Commissioner O'Keefe; the particular inaccuracy claimed being that an affirmative answer was recorded where a negative answer was given. The trial now being reviewed was also before Deputy Commission O'Keefe, who found the relator guilty and recommended his dismissal.

The serious complaint is that the relator was not accorded a fair trial, and a careful examination of the record satisfies us that that complaint is well founded. The fact in dispute was within the personal knowledge of the trial deputy, whose recollection may pos-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sibly have been at fault. Almost at the outset of the trial, he was sworn and made a statement to the effect that the record was a true copy of the evidence and statements made at the hearing before him. Later he struck that testimony out. Much irrelevant evidence was admitted, some relevant evidence was excluded on untenable grounds, witnesses whose attendance was requested by the relator were examined and excused in the absence of the relator and his counsel, on the ground that they did not know anything about the case, and the evidence of the hostile attitude of the trial deputy pervades the entire record, and convinces us that the case was prejudged, and was decided, not upon the evidence, but upon his own recollection. It would serve no useful purpose to set forth transcripts of the record upon which we base that conclusion.

We do not decide that the trial deputy was absolutely disqualified from hearing the case; but we do decide that the relator has not had, what the statute accords him, a fair and impartial trial, and that a trial conducted as a matter of form, to satisfy the requirements of the statute, and not in good faith, to determine the truth of the charge, is a farce, and not what the statute intends, and that, under the circumstances disclosed by this record, the relator is entitled to a trial before a commissioner who has not prejudged his case.

The determination should be annulled, with $50 costs and disbursements, and the proceedings remitted to the commissioner, with direction to have the charge determined by himself or another officer. All concur.